IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS | PEORIA DIVISION

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION, a North Carolina Corporation, & PHOENIX ENTERTAINMENT PARTNERS, LLC, a North Carolina Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>THE BASKET CASE PUB, INC., and Illinois Corporation, and DANNETTE RUMSEY,<br><br>Defendants | |
| THE BASKET CASE PUB, INC., and Illinois Corporation, and DANNETTE RUMSEY,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>SLEP-TONE ENTERTAINMENT CORPORATION, a North Carolina Corporation, & PHOENIX ENTERTAINMENT PARTNERS, LLC, a North Carolina Limited Liability Company,<br><br>Counter-Defendants. | Case No. 15-cv-1009<br><br>Hon. Joe Billy McDade<br><br>Hon. Jonathan E. Hawley, Magistrate |

## ANSWERS TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Counter-Defendants SLEP-TONE ENTERTAINMENT CORPORATION, a North Carolina Corporation, ("Slep") & PHOENIX ENTERTAINMENT PARTNERS, LLC, a North Carolina Limited Liability Company, ("Phoenix"), The Counter-Defendants, hereby file their answers to the counterclaims of The Basket Case Pub, Inc. ("Basket") and Dannette Rumsey, ("Rumsey") and assert the below affirmative defenses, by their undersigned counsel, as follows:

1

## Parties

1. Counter-Plaintiff Rumsey is an individual residing in Tazewell County, Illinois.

Response: Admitted.

2. Counter-Plaintiff Basket is an Illinois corporation with its principal place of business at 610 West Main Street in Peoria, Illinois.

Response: Admitted.

3. Upon information and belief, Slep is a North Carolina corporation with its principal place of business in Pineville, North Carolina.

Response: Admitted.

4. Upon information and belief, Phoenix is a North Carolina limited liability company with its principal place of business in Pineville, North Carolina.

Response: Admitted.

## Jurisdiction & Venue

5. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Lanham Act, 15 U.S.C. §§ 105113, *et seq*.

Response: Admitted.

6. This Court has subject matter jurisdiction over this counterclaim under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 &1338, and otherwise.

Response: Admitted.

7. This Court has jurisdiction over the Counter-Defendants by virtue of their having filed their Second Amended Complaint in this Court so as to submit themselves to the jurisdiction and process of this Court.

Response: Admitted.

## Relevant Factual Background

8. Slep has engaged in a nationwide litigation campaign by filing over 175 similar suits since 2011.

Response: Admitted that Slep has filed suit against infringers of its valuable trademark rights. Otherwise denied.

9. During the pendency of this action, Slep has purportedly assigned its trademark rights to Phoenix. Now, Phoenix appears to be carrying out the litigation campaign. It is involved in thirteen similar suits, including this one.

Response: Admitted that the trademark rights were assigned and that Phoenix has filed suit against infringers of its valuable trademark rights. Otherwise denied.

10. The litigation campaign's *modus operandi* consists of accusing defendants of the transfer of Slep's CD+G files onto computer hard drives for storage. Upon use of the transferred file, Slep's (now Phoenix's) SOUND CHOICE mark is displayed. Slep (now Phoenix) sues karaoke operators for the transfer of CD+G and MP3+G files to hard drives.

Response: Admitted that suits have been filed against infringers of the valuable trademark rights. Otherwise denied.

11. Despite repeated accusations of "copying," "pirating," and allegations utilizing the word "copyright," Slep and Phoenix bring *trademark* infringement suits, not *copyright* infringement suits.

Response: Admitted that Counter-Plaintiffs have been sued for infringing the valuable trademark rights. Otherwise denied.

12. Slep brought this suit alleging four trademark registrations. In its Second Amended Complaint, Phoenix and Slep only allege registrations for the SOUND CHOICE word and design marks for "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video related to musical compositions." 2d Amended Comp., ¶¶ 42, 43 (ECF Doc. 20).

Response: Admitted that Counter-Plaintiffs have been sued for infringing the valuable trademark rights identified. Otherwise denied.

13.     According to the Phoenix Entertainment Partners' website, the "SOUND CHOICE brand became known for the very best karaoke accompaniment tracks available – the **most authentic reproductions** of the sound of the original song, the most accurate singing cues, and the most correct lyric displays."  *The Sound Choice Story*, Phoenix Entertainment Partners, LLC, *available at*, www.pep.rocks/brandhistory.php (last accessed May 24, 2015) (emphasis in original).

Response: Admitted that products sold under the SOUND CHOICE marks are recognized by consumers as being the very best and of high qualify.

14.     Allegedly because of piracy, "there's been **no new Sound Choice music since 2009**," that "we haven't made any new music in almost 6 years," and it "know[s] [it] can't stay out of production forever, so we're planning to return with **new recordings** soon."  *Id.* (emphasis in original).

Response: Admitted that piracy and other theft of its Intellectual Property, such as that of the Defendants, has caused significant harm. Otherwise denied.

15.     Indeed, the Sound Choice brand owners, according to their marketing materials, believe that "Litigation has kept the company alive. . . "  *Id.*

Response: Admitted that suits have been filed against infringers of the valuable trademark rights. Otherwise denied.

16.     Moreover, Phoenix Entertainment Partners' website also purports to license the SOUND CHOICE marks through its "permission to use [its] trademarks, service marks, trade dress, and other intellectual property in connection with karaoke tracks stored on non-original media." *New Certification Program Now Available*, Phoenix Entertainment Partners, LLC, *available at,* https://pep.rocks/news.php (last accessed May 24, 2015).  This program is available until at least June 19, 2015.  *Id.*

Response: Admitted that legitimate SOUND CHOICE products are made available for purchase. Otherwise denied.

17. According to the Phoenix Entertainment Partners' website the only control that Phoenix maintains over its licensed SOUND CHOICE trademarks, service marks, trade dress, and other intellectual property through this program is an apparent, one time, questionnaire and confirming that the licensee has at least one disc for each song it claims is "media shifted." *Becoming a Sound Choice Certified KJ,* Phoenix Entertainment Partners, LLC, *available at,* https://pep.rocks/certification.php (last accessed May 24, 2015).

Response: Admitted that legitimate SOUND CHOICE products are made available for purchase and that certifications are offered. Otherwise denied.

18. The Plaintiff/Counter-Defendants also allege that its trade dress consists of "highly accurate singing cues," "the use of particular styles in displaying entry cues for singers," and "typeface, style, and visual arrangement." 2d Amended Comp., ¶¶ 19, 47. The trade dress are "ways to convey the information necessary to permit a karaoke singer to be appropriately supported in his or her performance. *Id.,* ¶ 51.

Response: Admitted that Defendants have paraphrased the allegation stated in the Amended Complaint. Otherwise denied.

Count I
Declaratory Judgment of Invalidity and Unenforceability
Due to Abandonment Through Non-Use

19. Counter-Plaintiffs reassert and reallege ¶¶ 1 – 18 as if fully restated herein.

Response: Counter-Defendants reassert and reallege their answers to ¶¶ 1 – 18 as if fully restated herein.

20. This is a claim for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Response: Admitted.

21. Phoenix purports to be the assignee of the rights in and to the SOUND CHOICE trademark and has asserted those purported rights as grounds for its trademark infringement and deceptive trade practices claims asserted against the Counter-Plaintiffs.

Response: Admitted.

22. The rights, which Phoenix purports to have been assigned, are invalid and unenforceable due to Slep's non-use which constituted abandonment.

Response: Denied.

23. Upon information and belief, based upon the statements contained on Phoenix's website, Slep ceased using its Marks in commerce for the goods provided in the trademark registrations cited in the Second Amended Complaint.

Response: Denied.

24. Upon information and belief, based upon the statements contained on Phoenix's website, Slep ceased operations, generating revenue through lawsuits instead.

Response: Denied.

25. Upon information and belief, based upon the statements contained on Phoenix's website, Slep's non-use has been ongoing for a period of greater than three years.

Response: Denied.

26. Upon information and belief, based upon the statements contained on Phoenix's website, the non-use was for not only for the cited registrations, but also trade dress, service marks, non-cited registrations, and other intellectual property.

Response: Denied.

27. As such, Slep abandoned the SOUND CHOICE Marks.

Response: Denied.

28. Being abandoned, the Marks are invalid and unenforceable.

Response: Denied.

29. Moreover, being abandoned, the cited registrations should be cancelled pursuant to 15 U.S.C. § 1119.

Response: Denied.

30. An actual and justiciable controversy exists between the Counter-Plaintiffs and Counter-Defendants with respect to the alleged infringement by Counter-Plaintiffs of the cited SOUND CHOICE trademark as alleged by the Counter-Defendants. Accordingly, declaratory relief is both appropriate and necessary to establish that said purported rights are invalid and unenforceable against Counter-Plaintiffs.

Response: Denied.

### Count II
### Declaratory Judgment of Invalidity and Unenforceability
### Due to Abandonment Through Naked Licensing

31. Counter-Plaintiffs reassert and reallege ¶¶ 1 – 21 as if fully restated herein.

Response: Counter-Defendants reassert and reallege their answers to ¶¶ 1 – 18 as if fully restated herein.

32. The rights which Phoenix purports to have been assigned are invalid and unenforceable due to Slep's and/or Phoenix's naked licensing of the Marks.

Response: Denied.

33. Upon information and belief, based upon the statements contained on Phoenix's website, Slep and/or Phoenix have licensed their SOUND CHOICE Marks to third-parties with no transfer of assets or good will.

Response: Denied.

34. Upon information and belief, based upon the statements contained on Phoenix's website, Slep and/or Phoenix have licensed their SOUND CHOICE Marks to third-parties with no oversight as to quality of the goods and/or services identified by the Marks.

Response: Denied.

35. As such, Slep abandoned the SOUND CHOICE marks.

Response: Denied.

36. Being abandoned, the marks are invalid and unenforceable.

Response: Denied.

37. Moreover, being abandoned, the cited registrations should be cancelled pursuant to 15 U.S.C. § 1119.

Response: Denied.

38. An actual and justiciable controversy exists between the Counter-Plaintiffs and Counter-Defendants with respect to the alleged infringement by Counter-Plaintiffs of the cited SOUND CHOICE trademark as alleged by the Counter-Defendants. Accordingly, declaratory relief is both appropriate and necessary to establish that said purported rights are invalid and unenforceable against Counter-Plaintiffs.

Response: Denied.

Count III
Cancellation of Trademark Registrations
1,923,448 & 2,000,725

39. Counter-Plaintiffs reassert and reallege ¶¶ 1 – 38 as if fully restated herein.

Response: Counter-Defendants reassert and reallege their answers to ¶¶ 1 – 18 as if fully restated herein.

40. Phoenix purports to assert rights it claims rise from United States Trademark Registrations 1,923,448 and 2,000,725.

Response: Admitted.

41. The Marks in connection with these registrations have been abandoned.

Response: Denied.

42. Being abandoned, the cited registrations should be cancelled pursuant to 15 U.S.C. § 1119.

Response: Denied.

43. An actual and justiciable controversy exists between the Counter-Plaintiffs and Counter-Defendants with respect to the alleged infringement by Counter-Plaintiffs of the cited SOUND CHOICE trademark registrations as alleged by the Counter-Defendants.

Response: Denied.

44. Moreover, Counter-Plaintiffs have been, and will continue to be, damaged by the maintenance of the cited registrations on the Principal Register because the ownership/assignment of the Mark has been asserted as grounds for Counter-Defendants claims.

Response: Denied.

Count IV
Invalidity and Unenforceability of
<u>Any Purported Rights Emanating fromTrade Dress</u>

45. Counter-Plaintiffs reassert and reallege ¶¶ 1 – 21 as if fully restated herein.

Response: Counter-Defendants reassert and reallege their answers to ¶¶ 1 – 18 as if fully restated herein.

46. Phoenix purports to assert rights it claims rise from its purported Trade Dress.

Response: Admitted.

47. Upon information and belief, based at least in part on the allegations of the Complaints, the purported Trade Dress features are not ornamental, incidental, or arbitrary.

Response: Admitted.

48. Upon information and belief, based at least in part on the allegations of the Complaints, the purported Trade Dress features are necessary for the karaoke tracks to function.

Response: Denied.

49. Upon information and belief, based at least in part on the allegations of the Complaints, the purported Trade Dress features serve important purposes such as cueing in singers, allowing karaoke singers to keep pace with the music, and, upon information and belief, ease of readability.

Response: Denied.

50. Upon information and belief, based at least in part on the allegations of the Complaints, the purported Trade Dress features affect the quality of the karaoke tracks.

Response: Denied.

9

51. Upon information and belief, based at least in part on the allegations of the Complaints, the purported Trade Dress features are functional.

Response: Denied.

52. As such, the purported Trade Dress features are not protectable.

Response: Denied.

53. Accordingly, there are no rights that are enforceable or valid that emanate from the purported Trade Dress that can be asserted in this Court.

Response: Denied.

## DEFENSES

Pursuant to Federal Rule of Federal Procedure 8(c), Counterclaim-Defendants assert the following defenses:

### First Defense

The Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted, as no factual allegations have been pleaded in support of the Counterclaims claims under Federal Rule of Civil Procedure 8.

### Second Defense

The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## ADDITIONAL DEFENSES

Counterclaim-Defendants' investigation is ongoing and discovery has not yet been taken, and as many facts are likely in the possession of Counterclaim Plaintiffs and other third parties, Counterclaim-Defendants reserve the right to amend their Answer to the Counterclaims, including defenses.

## PRAYER FOR RELIEF

WHEREFORE, having answered the allegations set forth in the Counterclaims and asserted its affirmative defenses thereto, Counterclaim-Defendants pray for the following relief:

a.  that the Counterclaims against them be dismissed, with prejudice, with costs and interest taxed against the Counterclaim Plaintiffs;

b.  that Counterclaim-Defendants be awarded their attorneys' fees with interest incurred in defending against the Counterclaim Plaintiffs;

c.  that Counterclaim-Defendants be awarded the relief against the Counterclaim Plaintiffs prayed for in its Complaint;

d.  that Counterclaim Plaintiffs be denied all the relief prayed for in their pleadings; and that Counterclaim-Defendants be granted such other and further relief against Counterclaim Plaintiffs as the Court deems just and proper.

DATED: June 9, 2015                                              Respectfully Submitted,

                                                                                /s/Keith A. Vogt
                                                                            Keith A. Vogt, Esq.
                                                                            1033 South Blvd
                                                                            Suite 200
                                                                            Oak Park IL 60302
                                                                            708.203.4787

Certificate of Service

I certify that on June 9, 2015 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Keith A. Vogt